**UNITED STATES of America,**
**Appellee,**

v.

**Otilio SERRANO, Defendant-Appellant.**

**No. 341, Docket 27043.**

United States Court of Appeals
Second Circuit.

Submitted April 30, 1963.

Decided May 16, 1963.

Richard S. Harrell, New York City, for appellant.

Andrew T. McEvoy, Jr., Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for Southern District of New York, Arnold N. Enker, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, SMITH and HAYS, Circuit Judges.

PER CURIAM.

In this appeal from a conviction for violation of the narcotics laws, 21 U.S.C. §§ 173 and 174, appellant claims that it was error to receive in evidence certain narcotics which, he alleges, were illegally seized as an incident of an unlawful arrest of the severed co-defendant Gonzales. We find it unnecessary to decide whether the arrest of Gonzales was unlawful. Since the narcotics were not seized in the course of a search of appellant's person or premises, the seizure invaded no rights of Serrano which would entitle him to object to their introduction in evidence. Wong Sun v. United States, 371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Lee Wan Nam, 274 F.2d 863 (2d Cir.), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1147 (1960).

Appellant urges that because Gonzales was a co-defendant, McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153 (1948) requires us to reverse. But in McDonald, a defendant with proper standing to do so moved for suppression and for return of the evidence illegally seized. Had the motion been granted (as the Supreme Court held that it should have been), the evidence would not have been available for use against any of the defendants. In the present case no one who had standing to do so moved for suppression of the evidence. Therefore the evidence was properly admitted.

Affirmed.