Samuel ROSENCRANZ, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Anthony DiPIETRO, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Frank ROMANO, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 6113, 6115, 6235.

United States Court of Appeals First Circuit.

July 8, 1964.

Joseph J. Balliro, Boston, Mass., with whom Albert L. Hutton, Jr., Boston, Mass., was on brief, for appellants.

William E. McKinley, Asst. U. S. Atty., with whom Alton A. Lessard, U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

On March 3, 1964 this court handed down its opinion in this case affirming the judgment of the United States District Court for the District of Maine. On March 23, 1964 the Supreme Court decided the case of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), holding that the search of an automobile without a war-

rant soon after its occupants had been arrested and taken to police headquarters violated the Fourth Amendment. Although the question of the timeliness of the search of Amorello's truck had not been expressly raised before us, it was raised below by Amorello in his motion to suppress prior to trial.[1] We, therefore, granted appellants' petition for rehearing but limited argument to two specific issues: (1) whether the search of Amorello's truck without a warrant, subsequent to his arrest, was timely in light of Preston; (2) whether appellants have standing to argue the Preston issue before this court. The government has conceded that in light of the Preston decision the search of Amorello's truck was unconstitutional. It argues, however, that appellants may not seek relief in this court based upon that unconstitutional search.

The government contends that appellants had no standing to file a pre-trial motion to suppress the evidence in question and, even if they had such standing, they waived their rights by not filing the pre-trial motion. Appellants freely admit that prior to the trial they were in no position to seek suppression of the evidence taken from the vehicle. A motion of that nature may be made only by a "person aggrieved by an unlawful search and seizure." Rule 41(e) Fed.R.Crim.P. "In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else." Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 731, 4 L.Ed.2d 697 (1959). Amorello alone was able to move prior to trial to suppress the evidence seized from his truck; he did so move and his motion was denied, wrongfully, as the government now concedes.

Appellants contend that under the doctrine set forth in McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), a defendant whose conviction is based upon illegally seized evidence, allowed in over a motion to suppress made by a co-defendant with standing, may appeal from the use of such evidence at his trial notwithstanding the fact that no appeal has been taken by the movant. Appellants do not claim any rights under Rule 41(e) but rather assume the proper exercise of that rule by a co-defendant. At the trial below they carefully preserved their right to bring this question before us by objecting to the admissibility of the illegally seized evidence on the basis of McDonald.

McDonald v. United States, supra, stated the principle that the erroneous denial of a pre-trial motion to suppress is prejudicial not only to the defendant who made the motion but to his co-defendant as well if the illegally seized material is the basis of evidence used against the latter at the trial. In McDonald, police officers entered McDonald's apartment after a period of surveillance. Present with McDonald was one Washington. Both men were arrested and materials belonging to McDonald were seized. McDonald's motion to suppress was denied and the seized evidence was introduced at the joint trial of the two defendants. The Supreme Court, in reversing both convictions, stated at 335 U.S. 456, 69 S.Ct. 193:

"It follows from what we have said that McDonald's motion for suppression of the evidence and the return of the property to him should have been granted. Weeks v. United States, supra [232 U.S. 383, 34 S. Ct. 341, 58 L.Ed. 652]; Go-Bart Importing Co. v. United States, 282

---

1. Amorello was indicted with appellants for offenses relating to the operation of an illicit still. Before trial he moved to suppress as evidence materials seized from the truck he owned and operated.

After his motion was denied he pleaded guilty and the seized evidence was introduced at the trial of appellants over their objections.

U.S. 344, 358 [51 S.Ct. 153, 158, 75 L.Ed. 374]. It was, however, denied and the unlawfully seized evidence was used not only against McDonald but against Washington as well, the two being tried jointly. Apart from this evidence there seems to have been little or none against Washington. Even though we assume, without deciding, that Washington, who was a guest of McDonald, had no right of privacy that was broken when the officers searched McDonald's room without a warrant, we think that the denial of McDonald's motion was error that was prejudicial to Washington as well. In this case, unlike Agnello v. United States, supra, 269 U.S. [20] at page 35, 46 S.Ct. at page [4] 7, 70 L.Ed. 145, the unlawfully seized materials were the basis of evidence used against the codefendant. If the property had been returned to McDonald, it would not have been available for use at the trial. We can only speculate as to whether other evidence which might have been used against Washington would have been equally probative."

In Schoeneman v. United States, 115 U.S.App.D.C. 110, 317 F.2d 173 (1963) and in Hair v. United States, 110 U.S. App.D.C. 153, 289 F.2d 894 (1961), the District of Columbia Circuit Court recognized McDonald as requiring reversal of the conviction of a defendant where his co-defendant's motion to suppress had been wrongfully denied and the evidence admitted against both of them. In United States v. Chieppa, 241 F.2d 635, 638 (2d Cir. 1957), appellants argued that lacking the standing to invoke Rule 41(e) prior to trial, they had the standing to object to the admission of the evidence at the trial because it was prejudicial to them. The court correctly pointed out that:

"Before holding the admission of certain evidence prejudicial to the

defendant Washington, McDonald's guest, the Supreme Court first found error in the denial of McDonald's motion. In the case at bar there was no pre-trial motion by any of the defendants and hence no underlying error the effects of which could be considered prejudicial to the appellants. The defendant Indian Hill Farms, or someone acting in its behalf, had ample time to make a motion to suppress prior to the trial. Michael Clemens, who must have been aware of the 'raid,' died a year before trial, but two years after the 'raid', during which time he made no effort to invoke Rule 41(e). * * * " 2

 Here, a timely pre-trial motion to suppress was made by Amorello, and there is no doubt but that the trial court's erroneous denial of that motion severely prejudiced appellants since the seized materials formed a substantial part of the evidence used to convict them. In such a case, where the wrongful denial of a motion to suppress is prejudicial to both the defendant making the motion and his co-defendants as well, the right to have such evidence excluded from the trial cannot be limited to the defendant who originally made the motion to suppress. Were we to hold otherwise, the failure of the moving defendant to appeal would leave his co-defendants prejudiced by the wrongful denial of the motion to suppress but unable "to present their grievance before any court." See Barrows v. Jackson, 346 U.S. 249, 257, 73 S.Ct. 1031, 1035, 97 L.Ed. 1586 (1953). We do not believe that it was the intention of the Supreme Court in McDonald to give a defendant this right and then make its exercise contingent upon whether or not the movant decided to take an appeal. See annotation 96 L.Ed. 76.3

The government believes that the fact that McDonald was not cited by the Supreme Court in Jones v. United States,

2. The court expressed a similar thought in United States v. Serrano, 317 F.2d 356 (2d Cir. 1963).

3. The government argues that since the seized property was contraband, it would not have been returned to Amorello and

supra, or Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), convincingly demonstrates that the Court wished to limit McDonald to its facts. In Jones, the appellant was arrested and tried alone and he alone appealed. The Court found that even though he was but a guest in the house in which the search took place, he had standing under Rule 41(e) to move to suppress. Any reference to McDonald would have been inapposite since that case was based upon the existence of a co-defendant with standing.[4] In Wong Sun, the evidence in issue (narcotics) was not illegally seized from Yee but had been voluntarily given by him to the police. If Yee had moved to suppress this evidence prior to trial, which he did not, the motion would have been denied. Wong Sun, therefore, could certainly have no greater rights than Yee in the seized evidence. The evidence was inadmissible as to Toy because it was discovered as a result of statements made by Toy while under an illegal arrest. The Court did not feel that this taint carried over to Wong Sun and allowed introduction of the evidence against him.

An order will be entered vacating the judgment of this court of March 3, 1964 and withdrawing the opinion of that date. A new judgment will be entered vacating the judgments of the district court, setting aside the verdicts, and remanding the cases to that court for further proceedings consistent with this opinion.

ALDRICH, Circuit Judge (concurring).

I am sorry not to be able to join in the court's opinion, but I cannot bring myself to believe that McDonald is controlling. At the outset, although the advantages of playing the "numbers" game are problematical, it may be noted that while six justices concurred in the result so far as the defendant Washington was concerned, only three joined in the opinion. Under these circumstances it may be questionable to say, as the court does, that McDonald "was based upon the existence of a co-defendant with standing." The Supreme Court may itself have had later doubts as to the scope of McDonald, as evidenced by the fact that although the briefs show it was cited by the parties both in Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, and in Wong Sun v. United States, 1963, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, the court made no mention of it. And, with all respect, it seems to me that some doubts would be justifiable. To have the answer to the question whether a defendant may assert an unlawful search and seizure depend upon the existence of a co-defendant who has such a right, and has himself made a pretrial motion, seems something less than logical.

Furthermore, if this is the scope of McDonald, then it seems to me that Mc-

---

thus would have been still available as evidence. Such a view may perhaps be implied from the statement by the Supreme Court in McDonald that "[i]f the property had been returned to McDonald, it would not have been available for use at the trial [against Washington]" 335 U.S. at 456, 69 S.Ct. at 193. We agree with the District of Columbia Court that "this implication [is] unsound and [we] do not understand the Supreme Court to have meant McDonald to apply only in those cases in which the property could have been returned rather than suppressed as evidence." Hair v. United States, supra, 289 F.2d at 897 n. 12. See

United States v. Jeffers, 342 U.S. 48, 53–54, 72 S.Ct. 93, 96 L.Ed. 59 (1951).

4. The government's confusion stems from the fact that it misconstrues appellants' argument. Appellants do not claim McDonald to hold that a defendant has standing to complain of a violation of someone else's constitutional right. To repeat, all appellants claim is that under McDonald, where the person whose constitutional right has been violated has properly complained thereof and his motion to suppress has been wrongfully denied, the right not to be convicted upon the basis of such evidence extends to the co-defendants as well as to the movant.

Donald is of no help to the present defendants. The court takes the position that since their rights were only secondary they had no opportunity to move in advance of trial for the suppression of the evidence. If their rights arose only when the evidence was offered against them, this takes care of the government's claim of waiver by their not moving sooner. On the other hand it exposes the fact that when the evidence was offered against them Amorello, who had pleaded prior to trial, no longer had such a right and did not exist as a co-defendant. Hence there was a rather unsubstantial coattail on which they could ride.

Without reviewing the cases *in extenso*, it seems to me that the real basis of the exclusionary rule is its effect as a police deterrent, and that the rule should be fashioned to deter the accomplishment of whatever purpose the police were improperly attempting to further. I believe, accordingly, that the present defendants' rights are not simply dependent upon Amorello's, as Washington's were said to depend upon McDonald, but are broader, and stem from their own status as parties against whom the search was directed. Surely, in stopping Amorello's truck, the interests of the police were not limited to the driver, but were directed against all those, whether their identities were known or not, who might be engaged in the operation of the still. I find support for this in Jones v. United States, supra, where the court said, 362 U.S. at 261, 80 S.Ct. at 731,

"In order to qualify as a 'person aggrieved by an unlawful search and seizure' one must have been a victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else."

While this conclusion avoids what I believe to be the weakness of relying upon McDonald it raises a further issue, namely the fact that if the present de-

fendants had standing in their own right they should have moved in advance of trial unless the court, in its discretion, were to permit the matter to be raised at the trial for the first time. The district court expressly refused to exercise that discretion. Normally, this should be an end to it. However, while I believe that this is a discretion which we should be slow to overrule, the new circumstance of the decision in Preston v. United States while these proceedings were still viable causes me to feel that fairness would dictate a review of that discretion in the light of that occurrence, and that on such a review it would be an abuse of discretion to penalize the defendants for not having moved earlier. I accordingly agree that they should be entitled to a new trial.