**UNITED STATES of America ex rel.
Michael P. CHATARY, E-7530**

v.

**Alfred T. RUNDLE, Superintendent.
Misc. No. 3731.**

United States District Court
E. D. Pennsylvania.

April 3, 1968.

Michael P. Chatary, pro se.

Welsh S. White, Asst. Dist. Atty., Arlen Specter, Dist. Atty., County of Philadelphia, Philadelphia, Pa., for respondent.

## ORDER SUR PETITION FOR WRIT OF HABEAS CORPUS

WEINER, District Judge.

The relator Michael P. Chatary has petitioned this court for habeas corpus relief, alleging that evidence used to convict him was illegally obtained in that a search was made of property in his possession without a search warrant being secured and without probable cause.

The alleged facts surrounding the search are as follows:[1]

On September 24, 1965 at approximately 2:15 P.M. a lieutenant at the Northwest Detective Division received a phone call from a police informant indicating that within a half-hour a white man carrying a large brown leather camera case with a shoulder strap would enter the camera shop located on the Northwest corner of Broad Street and Erie Avenue. The informant indicated that the man would have in his possession cameras recently stolen from a camera shop on Germantown Avenue.

The Lieutenant transmitted this information to Detective Caldwell[2] who with Detective Behlin drove immediately[3] to the area described by the informant and stationed themselves across the street from the camera shop. Between 2:30 and 3:00 P.M. a white man drove up, parked his car near the camera shop and went inside empty handed. Approximately 30 seconds later he emerged from the shop, went to his car, took a large brown leather case therefrom, and went back into the shop. The bag was filled with cameras and related equipment to the extent that it was necessary for the

1. A more expansive statement of facts may be seen in the notes of testimony of Commonwealth v. Chatary in the Court of Oyer and Terminer, General Jail Delivery, Quarter Sessions of the Peace, In and For The City and County of Philadelphia, October Sessions, 1965 #977.

2. Neither the lieutenant nor the detectives had knowledge as to which store on Ger-

mantown Avenue had been burglarized, nor did they have a description of the stolen goods.

3. Since there was only fifteen minutes between the informant's call and the time at which the suspect was to arrive at the scene, the detectives claimed they did not have time to obtain a warrant.

top to remain open. The detectives were thus able to see the contents. About a half a minute after entering the shop for the second time, he left, still carrying the bag containing the cameras and photographic equipment.

As Chatary was leaving the shop the second time, the detectives approached him, took the bag from his possession (N.T. 16–17) and removed the cameras from the bag. Such activity constitutes a violation of the fourth amendment if a warrant has not been secured or there is not probable cause for an arrest without a warrant. The detective then proceeded to open one of the cameras and on the *inside* of one of them there was a tag bearing the name and address of Layton's Camera Shop (N.T. 14). The detective called Layton's and ascertained that it had been recently burglarized. He then contacted the East Detective Division and obtained information as to the serial numbers of the stolen cameras, at least one of which matched that of a camera confiscated from Mr. Chatary. Mr. Chatary was then taken to the police station and booked.

The District Attorney argues that this case is very similar to Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In that case a federal agent was given information by a "special employee" that a certain individual would arrive in Denver by the morning train on one of two dates. The agent was given a *detailed description*[4] of the man, told that he would be carrying a tan zipper bag and that he habitually "walked real fast". The agent was told that Draper would have narcotics in his possession. A man fitting the description was arrested without a warrant and searched by the agent at the train station and narcotics were found on his person. On a motion to suppress, the search was held valid and the evidence obtained thereby was admissable.

The information given to the police in this case does not establish probable cause as in *Draper*.

The informant was anonymous and it is therefore required that his credibility and reliability be independently established, Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This was not done in this case.[5] In this case the only *description* of the individual was that he was a white man. Such an identification is far from being a *detailed description*. Certainly the police would not be justified in arresting any white man that appeared at the camera shop between 2:30 and 3:00 P.M. The fact that Mr. Chatary was carrying a large brown leather camera bag with a shoulder strap does not give rise to probable cause. It is quite likely that any person entering a camera shop would be carrying a camera case, even a large one, and most large camera bags have shoulder straps.

■ There was nothing suspicious about the activities of the relator prior to his being stopped. Other than the fact that the detectives may have thought that Chatary fit the description given by the informant, there was not probable cause to arrest him. The detective knew that the goods were the ones that were stolen in the burglary at Layton's Camera Shop only *after* he unlawfully took them from the possession of Mr. Chatary. (Once the detectives were aware that the cameras carried by the relator were stolen they had a right, in fact a duty, to arrest him. This knowledge, however, was not obtained until after the goods were illegally seized). Evidence secured illegally may not be used to obtain a conviction.

The mere fact that a camera case is bulging with cameras does not give rise to probable cause to believe that the cameras have been stolen. By his own testimony (N.T. 33–34), the detective

---

4. The agent was told that Draper was a Negro of light brown complexion, 27 years old, 5 feet 8 inches tall, weight 160 pounds, and that he would be wearing a light colored raincoat, brown slacks and black shoes.

5. The informant spoke only to the lieutenant and the latter testified neither at the relator's hearing for suppression of evidence nor at his trial.

admitted that he had no description of the stolen goods prior to his seizing them.

The detective testified (N.T. 16) that the relator could produce no bill of sale for the cameras. He testified further that the relator refused to talk regarding the ownership of the equipment. Such activity could constitute probable cause to arrest, but when it follows, rather than precedes, an unlawful search the fruits of the search must be suppressed. Allowing the police to search an individual merely on the strength of an identification as given in this case is violative of the constitutional guarantee to be secure in one's person and property. To arrest without a warrant there must be probable cause. The information given to the police and the surveillance was not in the opinion of the undersigned sufficient evidence to establish probable cause.

Had the detectives questioned Mr. Chatary before seizing his property they might have had probable cause for an arrest. Failing this, their conduct cannot be permitted to go unchallenged by the courts. Our laws have been formulated to protect the innocent from intimidation. A man should have the opportunity to explain his behavior unless the public is endangered, and should not be subjected to unreasonable searches.

■ It is clear that the information allegedly supplied by the informant comported with the observation made by the detectives. This information alone cannot support the arrest. At any given time during the day a white man carrying a large brown leather camera case could enter a camera shop. The public interest requires that police must not be permitted to search any person or property merely on suspicion, United States v. Romano, 241 F.Supp. 933 (D.Me.1965) (Gignoux, J.). The facts in this case rise no higher than a suspicion on the part of the detectives that the man they saw was the one referred to by their informant.

### ORDER

And now, April 2, 1968, after consideration of the relator's petition and the District Attorney's answer, the relator's petition is granted. The relator must be given a new trial within 30 days or be released from confinement.