THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHAN WHEATMAN, Appellant.

First Department, March 26, 1970.

*Irving Anolik* for appellant.

*Lewis R. Friedman* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

McNALLY, J.  On the application of the District Attorney during the February 1970 Term, we granted reargument of the appeal with reference to defendant Wheatman (33 A D 2d 1107). The judgments of conviction herein were previously reversed on the law, and a new trial directed, Justices McNALLY and TILZER dissenting, (33 A D 2d 67) and voting to affirm.  The reversal was grounded on the invalidity of the search warrant and the suppression of the evidence discovered.

In support of reargument with reference to Wheatman, the District Attorney argues that the search warrant was not directed against Wheatman and that his property was not seized and he, therefore, was neither the victim nor the person against whom the search was directed.  It is argued Wheatman has no standing since his constitutional rights were not infringed, and he cannot be heard to complain of the violation of the constitutional rights of another.  Whether the person claiming standing has been a victim of constitutional infringement depends on the facts in each case and the person's relation to the objects seized or premises searched.  (*People* v. *Estrada,* 28 A D 2d 681, affd. 23 N Y 2d 719; *People* v. *Morhouse,* 21 N Y 2d 66, 76.)  Only " a person claiming to be aggrieved by an unlawful search and seizure " has standing to move to suppress.  (Code Crim. Pro., § 813-c.)  See, also, *Jones* v. *United States* (362 U. S. 257, 261).

Defendant Wheatman fails to establish he was the victim or the person against whom the search was directed.  His claim that the seized evidence was used against him without a showing that it is the product of an illegal search of his person or his premises does not establish the violation of a protected constitutional right.  (*Alderman* v. *United States,* 394 U. S. 165; *People* v. *Cefaro,* 21 N Y 2d 252, 257, revd. on rearg. on other grounds 23 N Y 2d 283.)

Accordingly, on reargument the order of November 6, 1969 should be modified to affirm the conviction of appellant Wheatman.

NUNEZ, J. (dissenting).  The District Attorney's motion to modify the order of reversal as to Wheatman should be denied.

We reversed the conviction of each appellant and directed a new trial upon the ground that the search warrant issued June

15, 1965 was invalid and that the evidence seized thereunder should have been suppressed.

The District Attorney belatedly makes the point that the warrant was not directed against defendant Wheatman; that none of his property was seized and that, therefore, he cannot be heard to complain that a violation of the codefendants' constitutional protection has prejudiced him; he contends that because Wheatman was neither the victim nor the person against whom the search was directed he lacked standing to challenge the validity of the search warrant.

The question of Wheatman's standing is raised on this reargument motion for the first time. It was not raised at Trial Term or on the appeal in chief. Absent special circumstances, here nonexistent, the question cannot be raised now. (See *People v. Fino,* 24 N Y 2d 1020.)

The trial court erroneously ruled that the unlawfully seized evidence was admissible against all the defendants. No limiting instructions were given. Twenty-five counts were submitted to the jury against thirteen defendants. The jury convicted only Wheatman and six others of several conspiracy counts and bribery; it disagreed as to the remaining six defendants on all counts.

The People are requesting that we treat Wheatman the same as if his application for a severance had been granted, whereas it was opposed by the People and denied. We cannot say that the jury would have convicted Wheatman had the trial court properly excluded the seized evidence against all the remaining defendants.

I feel that the error in illegally admitting the evidence against all the defendants has so permeated the record as to deny Wheatman a fair trial of this multiple count indictment and highly complex joint trial.

The illegally seized evidence should have been excluded as prejudicial to all defendants, whether with or without standing to object to its admission. Although Wheatman was without standing, as to a codefendant, he had '' the right not to be convicted upon the basis of such evidence '' (*Rosencranz* v. *United States,* 334 F. 2d 738, 741, n. 4). He is entitled as a matter of law to reversal of the conviction and a new trial. (See *Rosencranz* v. *United States, supra*; *McDonald* v. *United States,* 335 U. S. 451; *Barnett* v. *United States,* 384 F. 2d 848; Fourth Amendment Principles of Supreme Court Practice, 25 Ohio St. L. J. 538, 570.)

Furthermore, since the convictions of the others have been reversed and a new trial has been ordered the interests of

6

justice and fairness command the reversal of Wheatman's conviction and the granting of a new trial as to him also. (See *People* v. *Rudish*, 294 N. Y. 500; *People* v. *Stringfellow*, 26 A D 2d 771; *People* v. *Weiss*, 290 N. Y. 160, 174.)

CAPOZZOLI and TILZER, JJ., concur with McNALLY, J.; NUNEZ, J., dissents in opinion in which EAGER, J. P., concurs.

On reargument of the appeal, the order of this court entered on November 6, 1969, is modified to affirm the conviction of appellant Wheatman.