**Kenneth Elton STEWART, Appellant,**

v.

**Harold A. COX, Warden of the New Mexico State Penitentiary, Appellee.**

**James Floyd LARK, Appellant,**

v.

**STATE OF NEW MEXICO, and Harold A. Cox, Warden, New Mexico State Penitentiary, Appellee.**

**Nos. 7966, 7967.**

United States Court of Appeals Tenth Circuit.

April 23, 1965.

Daniel H. Polsby, Denver, Colo. (James T. Bayer, Denver, Colo., on the brief), for appellants.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen. of New Mexico, on the brief), for appellees.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The appellants, Stewart and Lark, are state prisoners serving sentences in the New Mexico State Penitentiary. Their appeals present identical questions and were consolidated for disposition in this court. They brought separate habeas corpus proceedings in the United States District Court for the District of New Mexico alleging, in substance, that their convictions were void because neither had been represented by counsel when they were brought before a state magistrate for a preliminary hearing. Lark alleges that he requested an attorney to represent him at that time. This allegation was denied. After the preliminary hearings each was represented by competent counsel. Stewart pleaded guilty to the charges against him, and Lark was convicted by a jury after a plea of not guilty. The district court dismissed the habeas corpus petitions without a hearing.

■■ State prisoners may obtain relief in federal courts only when rights guaranteed them by the Constitution of the United States have been denied. Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209; Oyler v. Taylor, 10 Cir., 338 F.2d 260; Ramsey v. Hand, 10 Cir., 309 F.2d 947, cert. denied 373 U.S. 940, 83 S.Ct. 1547, 10 L.Ed.2d 695. Under circumstances similar to those presented here, we have repeatedly held that an accused does not have a constitutional right to be represented by an attorney at a preliminary hearing. Hickock v. Crouse, 10 Cir., 334 F.2d 95, cert. denied 379 U.S. 982, 85 S.Ct. 689, 13 L.Ed.2d 572; Latham and York v. Crouse, 10 Cir., 320 F.2d 120, cert. denied 375 U.S. 959,

84 S.Ct. 449, 11 L.Ed.2d 317; State of Utah v. Sullivan. 10 Cir., 227 F.2d 511, cert. denied sub nom. Braasch v. State of Utah, 350 U.S. 973, 76 S.Ct. 449, 100 L.Ed. 844. The exact question was recently considered by this Court in a New Mexico case (Gallegos v. Cox, 10 Cir., 341 F.2d 107), and was decided adversely to the contention here. Pointer v. State of Texas, 85 S.Ct. 1065, is not to the contrary.

Affirmed.