Ronald George **CARTER**, Appellant,

v.

**STATE OF NEW MEXICO**, Appellee.

Chesten **AVEY**, Appellant,

v.

**STATE OF NEW MEXICO**, Appellee.

Nos. 8551, 8552.

United States Court of Appeals
Tenth Circuit.

March 25, 1966.

Arthur H. Coleman, Santa Fe, N. M. (Harl D. Byrd, Santa Fe, N. M., on the briefs), for appellants.

L. D. Harris, Sp. Asst. Atty. Gen. .(Boston E. Witt, Atty. Gen., State of New Mexico, on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

These are companion cases which the district court dismissed without any hearing. The appellants, prisoners in the New Mexico penitentiary, brought petitions for writs of coram nobis which the district court apparently treated as petitions for habeas corpus relief. The only point raised is that the appellants were committed to the wrong place of imprisonment.

■ Counsel argues that appellants were sentenced to the "New Mexico Pen-itentiary." N.M.S.A. 1953 § 42-1-1 places the management of the penitentiary in five commissioners who "shall constitute a body corporate under the name and style of 'The Penitentiary of New Mexico.'" N.M.S.A. 1953 § 41-13-7 provides that with unimportant exceptions all commitments shall run "to the penitentiary of New Mexico." The misnomer, if one existed, was a clerical error which did not affect any substantial right of the appellants.

■ Counsel argues that "The Penitentiary of New Mexico" was never incorporated in conformity with the New Mexico statutes. If appellants are in a position to raise this question, they do not negative the de facto existence of that corporation. The technical objections going to the alleged failure to comply with the constitutional and statutory requirements of New Mexico for the organization of corporations do not raise any issue under the United States Constitution and do not entitle them to federal habeas corpus relief. See Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209, 210, and Stewart v. Cox, 10 Cir., 344 F.2d 947. The petitions raised no issues requiring a hearing.

Affirmed.