William J. Crangle, J.
Eavesdropping warrants upon which the above cases were based were issued by this court upon the application of the District Attorney of Montgomery County. The District Attorney was authorized in the warrants as the law enforcement agency to intercept the communications. The defendants object to this procedure stating that the warrant should specifically name the persons authorized to execute the warrants. The statute does not require this as it would obvi *481 ously be impractical, if not impossible, to effectuate any eavesdropping if the law enforcement agency were not in a position to designate trusted police employees technically trained to carry out the eavesdropping procedure, changing the personnel from day to day and time to time as the exigencies of the investigation required. In this case the moving papers were based upon a State Police investigation being made in conjunction with the District Attorney’s office. The designation in the warrant was clear and the ensuing eavesdropping was carried out by the District Attorney through Captain Bardosi and the State Police personnel
The defendants further complain that there are no provisions in the warrant to minimize the interception of communications not otherwise subject to eavesdropping under this title. There is no indication whatever that any such conversations were intercepted or could have been intercepted under the circumstances established by the affidavits upon which these warrants were issued considering the location and use of the telephones described in the warrants. However, even if such were the case and some outside person not involved in the gambling conspiracy and making calls not related to the promotion of illegal gambling were intercepted, these defendants would have no standing to protest. The aggrieved persons would be those whose unrelated telephone calls were intercepted. (United States v. Serrano, 317 F. 2d 356.)
Lastly, the defendants object to the warrants in that the warrants were issued for a specific length of time without a provision for termination after seizure of a specific conversation. Subdivision 6 of section 819 of the Code of Criminal Procedure, which takes the place of the old statute declared to be unconstitutional under the case of Berger v. New York (388 U. S. 41) states what the warrant must state: u the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained ”. This warrant specifically states whether or not the interception shall automatically terminate. This being a conspiracy investigation, the moving affidavits established facts which made it apparent that the interception should not automatically terminate upon the first conversation which involved gambling. The police investigation established a background indicating the operating of a policy game, horse betting and sports betting in the City of Amsterdam. Conspiracy to promote gambling was clearly indicated. It is extremely unlikely that one telephone communication would, even though it was *482 about a gambling contract, establish this conspiracy. It was within the court’s discretion to direct in the warrant that the eavesdropping should continue beyond that first conversation and up to a period of 30, days so that the desired and authorized objective might be obtained.
This warrant is not a general one but is clearly limited as to time, place and subject matter within the meaning and limits of the statute. As to the subject matter, proof of a conspiracy to promote gambling requires a broad investigation requiring many contracts of gambling and many communications and conversations. Only through the over-all accumulation of the activities of the defendants can their status as professional gamblers be established and the pattern of their conspiracy with other common gamblers be evolved. It cannot be assumed that the Legislature in providing for eavesdropping in such a case intended to set up a procedure which would foreclose a warrant such as this one, adequate to obtain the information and yet restricted enough to avoid unreasonable search .and seizure.