332 F.Supp. 890 (1971)
David Louis MORTON, Petitioner,
v.
Edward E. HAYNES, Superintendent, Respondent.
No. N71 C 36.
United States District Court, E. D. Missouri, N. D.
September 18, 1971.
*891 David Louis Morton, pro se.
John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
WEBSTER, District Judge.
David Louis Morton, presently in state custody serving a twenty-three year sentence after being convicted of first degree robbery with a dangerous and deadly weapon in the Circuit Court of the City of St. Louis, Missouri, petitions this court for writ of habeas corgus pursuant to 28 U.S.C. § 2254. In support of his application, petitioner alleges that he was denied the right to speedy trial by purposeful and oppressive maneuvers on the part of the prosecution designed to cause delay in bringing his case to trial. Petitioner also maintains that he was denied equal protection of the law since Missouri law did not require petitioner's case to be brought to trial in the city court as soon as it would have required the case to be tried in a rural area.
Petitioner raised the first of these contentions on direct appeal from his conviction (State v. Morton, 444 S.W.2d 420 (Mo.1969)). He subsequently raised both of the points he presents in his petition to this court by way of motion to vacate sentence pursuant to Missouri Criminal Rule 27.26, V.A.M.R. (Morton v. State, 468 S.W. 638 (Mo. 1971)). On both occasions, the Missouri Supreme Court found that petitioner's allegations were without merit. This court finds that petitioner has exhausted all available state remedies as required by 28 U.S.C. § 2254(b).
On January 22, 1967, the K & G Market, located in St. Louis, Missouri, was robbed by two men. Fingerprints discovered on a package which one of the robbers had handled were compared and found to be those of petitioner. Petitioner was arrested on February 1, 1967. On March 9, 1967, an indictment was returned charging him with the robbery. Petitioner appeared with appointed counsel to enter a plea of not guilty on March 16 and trial was set for April 17. Shortly before that date, petitioner's counsel was appointed to state office and was permitted to withdraw from the case. The trial date was reset for May 22 so that petitioner's new counsel would have time to familiarize himself with the case. On May 22 the prosecution requested a continuance because its fingerprint expert was on vacation and would not be able to appear if the trial was held as scheduled. The trial court granted the continuance, and the case was reset for June 6, 1967. Trial proceedings were commenced on June 6, but ended in a mistrial declared on petitioner's *892 motion after the prosecution improperly referred to petitioner's criminal record while examining a witness. A new trial was set for September 18. On this date the petitioner announced ready for trial. However, the state asked for a delay of several days because the attorney assigned to prosecute the case had been injured in an automobile accident. When the trial court indicated that the trial must proceed, the state entered a nolle prosequi. Petitioner alleges that he was rearrested immediately after the prosecution had entered its nolle prosequi and held until he was reindicted on October 17. Trial was set for December 11, was commenced on that date and subsequently completed.
On appeal from his conviction, the Missouri Supreme Court found that petitioner had not been denied the right to speedy trial in violation of the Sixth Amendment to the United States Constitution, and had been brought to trial within the time limits prescribed by Missouri law.[1] A federal court will not review state court's application of state law on petition for writ of habeas corpus, but will limit its inquiry to whether federally guaranteed rights have been abridged. Stump v. Bennett, 398 F.2d 111 (8th Cir.), cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); Jackson v. People of California, 336 F.2d 521 (9th Cir. 1964); Carter v. State of New Mexico, 358 F.2d 710 (10th Cir.), cert. denied, 385 U.S. 873, 87 S.Ct. 146, 17 L.Ed.2d 100 (1966).
The right to speedy trial secured by the Sixth Amendment has by decision been incorporated into the provisions of the Fourteenth Amendment and applies to the States. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969). Where a state prisoner has been convicted after being denied the right to speedy trial, a federal district court may issue a writ of habeas corpus and, in appropriate cases where the delay has affected the basic fairness of the trial, void the conviction and cause the charges to be dropped. Pitts v. North Carolina, 395 F.2d 182 (4th Cir. 1968); Luckman v. Burke, 299 F. Supp. 488 (E.D.Wis.1969). However, the Writ will not issue unless it is shown that undue delay was purposeful and oppressive, or that it prejudiced a defendant's ability to rebut the prosecution's case against him. Basker v. Crouse, 426 F.2d 531 (10th Cir. 1970); United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir. 1969); Matzner v. Davenport, 288 F.Supp. 636 (D.N.J. 1968), aff'd 410 F.2d 1376 (3d Cir. 1969), cert. denied, 396 U.S. 1015, 90 S. Ct. 570, 24 L.Ed.2d 506 (1970); United States ex rel. Watts v. Harrison, 308 F.Supp. 429 (S.D.N.Y.1969); United States ex rel. Wilson v. Follette, 316 F. Supp. 178 (S.D.N.Y.1970).
The United States Supreme Court has held that nineteen months between original arrest and subsequent hearing is not necessarily undue delay *893 and does not, in and of itself, constitute a violation of the right to speedy trial. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).[2] Petitioner was tried approximately ten months after he was first arrested. This length of time between arrest and trial is not unduly long and, unaccompanied by purposeful oppression or prejudice to petitioner's ability to defend himself at trial, creates no inference that petitioner was denied the right to speedy trial.
In his application to this court, petitioner does not allege that the delay in the conduct of his trial prejudiced his ability to defend himself. Rather, he maintains that the repeated delays, brought about when he was ready for trial, were purposeful and oppressive. Upon examination of the petition and the opinion of the Missouri Supreme Court on petitioner's appeal from conviction, we find this allegation to be without merit. None of the causes for delay was unjustified or unreasonable. The state sought delay in bringing petitioner to trial when circumstances occurred which materially affected its ability to prosecute. There is nothing to indicate that the prosecution purposefully sought to delay the trial.
Even if this court were to conclude that the prosecutions' conduct was purposeful and oppressive, there is little it could offer at this time by way of habeas corpus relief. The court would not invalidate the conviction, since the delay did not prejudice petitioner's ability to defend and thus did not remove the element of fairness from the trial. The time petitioner spent in jail prior to trial has already been credited against his sentence by the state courts.
Petitioner contends that the Missouri courts' application of §§ 545.890 and 545.920 RSMo 1969, V.A.M.S., to his case denied him equal protection of the law under the Fourteenth Amendment since, under these statutes, he was not entitled to as speedy a trial in the courts of the City of St. Louis as he would have been if he had been tried in a rural area.[3]
The Equal Protection Clause does not guarantee equal application of state legislation to all persons subject to its control, but only on those persons in similar circumstances and conditions. Stebbins v. Riley, 268 U.S. 137, 45 S.Ct. 424, 69 L.Ed. 884 (1925); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497, rehearing denied, 321 U.S. 804, 64 S.Ct. 778, 88 L.Ed. 1090 (1944); Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966). The State legislatures are given broad discretion in determining whether persons are similarly situated or whether conditions exist which justify different classifications. Courts will intervene only where legislative classification is so lacking in any reasonable basis as to be arbitrary. Borden's Farm Products Co. v. Ten Eyck, 297 U.S. 251, 56 S.Ct. 453, 80 L. Ed. 669 (1936); Safeway Stores, Inc. v. Oklahoma Retail Grocers Association, Inc., 360 U.S. 334, 79 S.Ct. 1196, 3 L. Ed.2d 1280 (1959). Here it was reasonable for the legislature to provide more time in bringing a prisoner to trial in highly populated areas where the court dockets are congested than it provided in rural areas where dockets are not so crowded. Petitioner was not denied equal protection of the laws through the application of §§ 545.890 and 545.920. Accordingly,
It is hereby ordered that the petition for writ of habeas corpus is denied.
NOTES
[1] Four Missouri statutes, §§ 545.890 through 545.920 RSMo 1969, V.A.M.S., prescribe the standards under which a defendant is entitled to discharge if he is not brought to trial in the time and manner therein provided. The Missouri Supreme Court found two to be relevant to petitioner's trial, §§ 545.890 and 545.920 RSMo 1969, V.A.M.S. Section 545.890 provides: "If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense which shall be held after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term."

Section 545.920 provides:
"In all cities or counties in this state in which there shall be more than two regular terms of the court having jurisdiction of criminal cases, the defendant shall not be entitled to be discharged for the reasons and under the circumstances mentioned in section 545.890 until the end of the third term after the indictment was found. * * *"
[2] See also Hodges v. United States, 408 F.2d 543 (8th Cir. 1969), where the Eighth Circuit held that the passage of eighteen months between arrest and trial did not necessarily indicate a denial of speedy trial.
[3] See footnote 1.