■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LOSINNO and ROBERT PRICE, Appellants.— Appeal by defendants from two judgments (one as to each defendant) of the County Court, Orange County, both rendered March 28, 1974, convicting them of promoting gambling in the first degree, upon their pleas of guilty, and imposing sentence. Judgments reversed, on the law, and indictments dismissed. Following the denial of their motion to suppress the use of certain information gathered by the State Police pursuant to an eavesdropping warrant, defendant pleaded guilty to the crime for which they now stand convicted, in full satisfaction of the several indictments pending against them. Upon that motion, as upon this appeal, defendants contended that the warrant was void and had been illegally issued because it designated the District Attorney of Orange County as the agent authorized to execute it, and further authorized him to delegate this power to anyone he desired. We agree with defendants. We think the above-mentioned designation and authorization to delegate the power to execute the warrant were improper and in violation of CPL article 700, which prescribes the procedure for the issuance of such warrants (CPL 700.30, subd. 5; 700.35, subd. 1; *People* v. *Kennedy,* 75 Misc 2d 10; *People* v. *Castania,* 73 Misc 2d 166). Accordingly, the indictments against defendants, as well as the judgments of conviction, which were each predicated upon information gathered pursuant to the illegal warrant,

must fall. Martuscello, Acting P. J., Latham, Cohalan and Brennan, JJ., concur; Munder, J., dissents and votes to affirm the judgments with the following memorandum: The majority would overturn these convictions, based upon guilty pleas, because the eavesdropping warrant which produced the evidence pointing overwhelmingly to defendants' involvement in gambling activities authorized the District Attorney of Orange County to designate someone to carry out the warrant. I see nothing wrong with such a provision. In fact, it merely recognizes the realities of law enforcement. The sensible thing to do is name the District Attorney, as the chief law enforcement official in the county, as the one responsible for overseeing the execution of the warrant. This satisfies the requirement of CPL 700.30 (subd. 5) that the warrant contain " The identity of the law enforcement agency authorized to intercept the communications ". It is completely unreasonable, however, to expect the District Attorney thereafter to execute the warrant personally. That, in effect, is what the majority would do here. For my part, I agree with the following views expressed by Judge Crangle in *People* v. *Fiorillo* (63 Misc 2d 480–481), a case very similar to this one: " The District Attorney was authorized in the warrants as the law enforcement agency to intercept the communications. The defendants object to this procedure stating that the warrant should specifically name the persons authorized to execute the warrants. The statute does not require this as it would obviously be impractical, if not impossible, to effectuate any eavesdropping if the law enforcement agency were not in a position to designate trusted police employees technically trained to carry out the eavesdropping procedure, changing the personnel from day to day and time to time as the exigencies of the investigation required. In this case the moving papers were based upon a State Police investigation being made in conjunction with the District Attorney's office. The designation in the warrant was clear and the ensuing eavesdropping was carried out by the District Attorney through Captain Bardosi and The State Police personnel." Here too, the eavesdropping was carried out by the District Attorney through persons designated by him, including State Police personnel. The jugments should be affirmed.