Memorandum. In our view, the Appellate Division erred in holding that the warrant was invalid on its face. The warrant directed the District Attorney "or any other person or persons expressly designated by you” to conduct the wiretap. The Appellate Division found that this violated CPL 700.30 (subd 5) which provides that the "warrant must contain * * * [t]he identity of the law enforcement agency to intercept the communications”. There is no question but that the District Attorney is a law enforcement officer, and it is clear enough that the warrant did identify the law enforcement agency which was to conduct the wiretap. The further authorization permitting the District Attorney to designate "any * * * person” to execute the warrant was obviously included to *319 allow persons other than the District Attorney to perform the routine day-to-day surveillance. The obvious intent of this language was to permit the District Attorney to designate a member of his office or another law enforcement official to perform this function. We do not read the warrant, as the defendant would have us do, in such a way as to permit a person who is not a member of a law enforcement agency to conduct the wiretap. Indeed it is significant that when he moved to suppress, the defendant did not claim that the warrant had, in fact, been improperly executed. On this view it is not necessary to decide now whether the condition attached to the acceptance of the plea of guilty constituted a waiver of the issue raised on the motion to suppress or any appeal therefrom.
The order appealed from should be reversed and the case remitted to the Appellate Division for review of the facts in accordance with CPL 470.40 (subd 2, par [b]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.