William: J. Ostrowski, J.
Defendants move to suppress evidence obtained as a result of an eavesdropping warrant on the ground that the warrant fails to comply with CPL 700.30 (subd 5) which says: "An eavesdropping warrant must contain * * * 5. The identity of the law enforcement agency authorized to intercept the communications”.
*257 In this respect the warrant is totally silent. The motion is granted for that reason.
The first draft (Sept., 1967) of the proposed Criminal Procedure Law, prepared by the Temporary Commission on Revision of the Penal Law and Criminal Code, dealt with eavesdropping warrants in article 370. Section 370.35, relating to form and content, said nothing about identifying the agency or the person authorized to tap. However, section 370.45, relating to manner and time of execution, contained this subdivision: "2. Such warrant may be executed by the authorized applicant personally or by another public servant designated by him for the purpose.”
In the 1968 study bill (S 5878), section 370.35 remained silent with respect to agencies or persons authorized and subdivision 2 of section 370.45 remained unchanged. The 1969 bill (A 6579) moved eavesdropping warrants to article 700; form and content to section 700.30 with the newly added identity requirement in subdivision 5 in its present language; and manner and time of execution to section 700.35 which replaced the above-quoted subdivision 2 with the following subdivision 1, the wording of which is still the same: "An eavesdropping warrant must be executed according to its terms by a law enforcement officer who is a member of the law enforcement agency authorized in the warrant to intercept the communications.”
The commission’s memorandum of March, 1969, contains the following item: "B. changes of substance from 1968 study bill * * * (17) Since submission of the study bill in 1968, with its Article addressed to eavesdropping warrants (S Art. 370), the entire area of eavesdropping has been drastically affected by the requirements and limitations of federal legislation on the subject, contained in a federal bill colloquially known as the 'Safe Streets Act.’ Accordingly, the final proposal’s Article devoted to 'Eavesdropping warrants’ (F Art. 700) is appreciably different from that of the study bill.”
Senate Report No. 1097, relating to the Safe Streets Act, contains the following paragraph: "Title III is essentially a combination of S. 675, the Federal Wire Interception Act, introduced by Senator McClellan on January 25, 1967, and S. 2050, the Electronic Surveillance Control Act of 1967, introduced by Senator Hruska on June 29, 1967. Subsequent to the introduction of S. 675, the U. S. Supreme Court, on June 12, 1967, handed down the decision in Berger v. New York, 87 S. *258 Ct. 1873, 388 U.S. 41, which declared unconstitutional the New York State statute authorizing electronic eavesdropping (bugging) by law-enforcement officers in investigating certain types of crimes. The Court held that the New York statute, on its face, failed to meet certain constitutional standards. In the course of the opinion, the Court delineated the constitutional criteria that electronic surveillance legislation should contain. Title III was drafted to meet these standards and to conform with Katz v. United States, 88 S. Ct. 507, 389 U.S. 347 (1967).” (US Code Cong & Admin News, 1968, vol 2, p 2153.)
The Safe Streets Act specifically authorizes State eavesdropping orders in subdivision (2) of section 2516 of title 18 of the United States Code and requires that they conform with section 2518 of title 18 of the United States Code. Subdivision (4) of the latter says: "Each order authorizing or approving the interception of any wire or oral communication shall specify * * * (d) the identity of the agency authorized to intercept the communications, and of the person authorizing the application”.
The significance and importance of the "person authorizing the application” is dealt with at length and in detail in United States v Giordano (416 US 505). Subdivision (1) of section 2516 of title 18 of the United States Code provides that an application for an eavesdropping order must be authorized by the "Attorney General, or any Assistant Attorney General specifically designated by the Attorney General”. In the Giordano case, the authorization came from the Attorney General’s Executive Assistant. The court held this to be a fatal, albeit not specifically constitutional, defect that required suppression of evidence obtained under the order. Although there was a dissent to part of the majority’s opinion, the court’s ruling on this point was unanimous.
Another unanimous decision, People v Sher (38 NY2d 600, 603-604), involving the sealing requirements of CPL 700.50 and CPL 700.65, discusses the significance and importance of New York’s eavesdropping statute:
"The need for rigid adherence to the statutory procedure is explained by the history of our present wiretapping provisions. Until 1968, the Federal Communications Act of 1934 prohibited any person unauthorized by the sender from intercepting and revealing the contents of any communication. (48 US Stat 1103, as amd by US Code, tit 47, § 605.) On June 17, 1968, the Supreme Court held that the Federal statute pre *259 eluded the States from introducing into evidence at State criminal trials evidence of telephone communications intercepted by State law enforcement officials. (Lee v Florida, 392 US 378.) Earlier, the Supreme Court had set out the constitutional standards regulating the use of electronic eavesdropping equipment, as distinguished from wiretapping devices, by law enforcement officials. (Berger v New York, 388 US 41; Katz v United States, 389 US 347.) Congress, in title III of the Omnibus Crime Control and Safe Streets Act of 1968, signed into law but two days after the Supreme Court’s decision in Lee v Florida (supra), authorized both Federal and State law enforcement officials to conduct wiretaps and other electronic surveillance, provided due compliance was made with statutory procedures designed to comport with the constitutional requirements. (US Code, tit 18, § 2516, subd [2]; Senate Report No. 1097, 1968, US Code & Admin News, pp 2112, 2113.) * * *
"The Federal Communications Act was modified to permit States to intercept wire and telephone communications in accordance with the congressional and constitutional guidelines. (US Code, tit 47, § 605.) Thereafter, our State revised its electronic surveillance statutes to comply with the Federal statutes. (Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL, art 700, pp 242-243.) The provisions of CPL article 700 track, as they must, the language of the Federal law. From this review of the legislative history, it is clear that the requirements of article 700, which are reflective of controlling Federal law, must be strictly complied with. In the absence of compliance, the State officials lack authority to wiretap, and any interceptions they make are unlawful, and any evidence derived from the wiretap is inadmissible. (US Code, tit 18, § 2515.)”
(See, also, People v Losinno, 38 NY2d 316; Losinno v Henderson, 420 F Supp 380.)
The defendants’ motion to suppress is granted.